**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Account No. XXXX6600 located at Metropolitan Commercial Bank, et al.,<br><br>　　　　　Defendants. | No. CV-22-00612-PHX-DLR<br><br>**ORDER** |

The Government seeks to forfeit $3,374,912.96 seized from two accounts at Metropolitan Commercial Bank ("MCB") in the name of BigBen1613, LLC. The Government alleges that professional money launderers use businesses like BigBen1613 to launder drug proceeds. (Doc. 27.) The Government filed this civil forfeiture action on April 14, 2022, and the case was sealed and stayed due to the ongoing criminal investigation. (Docs. 1, 8, 14, 19, 24.) On February 13, 2023, the sealing and stay orders were lifted and the Government filed its First Amended Verified Complaint for Forfeiture in Rem. (Docs. 25, 27.) The Government served Claimants BigBen1613 and MCB on February 22, 2023. Both Claimants noticed claims and filed answers asserting innocent owner defenses. (Docs. 30, 32, 35, 38.)

The Clerk of the Court assigned this case to the expedited track pursuant to LRCiv 16.2(b)(1)(A)(i). The Court therefore issued a scheduling order without a case management conference on February 23, 2023, setting the deadline for completing fact discovery 6

months from the date both an answer and claim are filed, and the deadline for dispositive motions 7 months after the same. (Doc. 31.)

On April 4, 2023, BigBen1613 moved for summary judgment on its innocent owner defense. (Doc. 40.) Ten days later, the Government filed a motion to assign this case to the standard or complex track and to schedule a case management conference. (Doc. 41.) BigBen1613 opposed this motion. (Doc. 43.)

On May 4, 2023, the Government filed a motion pursuant to Federal Rule of Civil Procedure 56(d), asking this Court to deny or defer ruling on BigBen1613's summary judgment motion until the Government has had an adequate opportunity to conduct discovery into facts surrounding BigBen1613's innocent owner defense. (Doc. 44.) BigBen1613 opposes this motion. (Doc. 52.)

On May 30, 2023, the Court granted the Government's motion to assign this case to the standard case management track, vacated the expedited track scheduling order, and scheduled a case management conference for July 6, 2023. (Doc. 62.)

Now, the Court considers the Government's Rule 56(d) motion.

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may issue any appropriate order, including deferring consideration of the motion for summary judgment or denying it, or allowing "time to obtain affidavits or declarations or to take discovery." Fed R. Civ. P. 56(d). The party requesting relief under Rule 56(d) must set forth in its affidavit or declaration: (1) "specific facts it hopes to elicit from further discovery," (2) that "the facts sought exist," and (3) that "the sought-after facts are essential to oppose summary judgment." *Family Home & Finance Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (discussing former Rule 56(f)). Rule 56(d) relief should generously be granted where a summary judgment motion is filed early in the litigation, "before a party has had any realistic opportunity to pursue discovery relating to its theory of the case." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003). Unless the non-moving

party has failed to diligently pursue discovery, such relief should be granted "almost as a matter of course." *Id.* (quoting *Wichita Falls Office Ass'n v. Banc One Corp.*, 978 F.2d 915, 919 n.4 (5th Cir. 1992)).

BigBen1613's summary judgment motion—filed roughly a month after its answer—was filed early in the litigation before the Government had a realistic opportunity to pursue discovery related to BigBen1613's innocent owner defense. This is one of those situations in which the Court should give Rule 56(d) relief generously. What's more, the Court does not find a lack of diligence on the Government's part. Rather, it appears the parties have been actively engaged in discovery, including just recently agreeing to the terms of a protective order. (Docs. 55, 58.) Accordingly, Rule 56(d) relief should be granted almost as a matter of course, provided the Government has adequately supported its request with an affidavit. The Government has done so. To support its Rule 56(d) motion, the Government submitted an affidavit from Assistant United Sates Attorney Bruce R. Van Baren detailing numerous categories of specific information it will seek in discovery, and explaining how such information is relevant to BigBen1613's innocent owner defense. (Doc. 44-1.)

Accordingly, for cause shown, the Court will grant the Government's Rule 56(d) motion (Doc. 44) and deny BigBen1613's motion for summary judgment (Doc. 40) without prejudice to BigBen1613 renewing that motion after the parties have meaningfully engaged in discovery. The Court recognizes that BigBen1613 and the Government disagree over the proper scope of discovery. This is an issue the parties can raise with the Court during the July 6, 2023, scheduling conference. For now, however, the Court finds that BigBen1613's summary judgment motion is premature because the parties have not had adequate time to conduct fact discovery on BigBen1613's innocent owner defense.

/ / /

/ / /

/ / /

1   **IT IS ORDERED** that the Government's Rule 56(d) motion (Doc. 44) is **GRANTED** and BigBen1613's motion for summary judgment (Doc. 40) is **DENIED** without prejudice to BigBen1613 renewing its motion after the parties have had an adequate opportunity to conduct discovery into BigBen1613's innocent owner defense.

Dated this 31st day of May, 2023.

_____
Douglas L. Rayes
United States District Judge